PARKER, executor, *v.* BROWN *et al.*

The plaintiff below having at the trial made out a case entitling her to a recovery, and the evidence for the defendants being insufficient to defeat the same, a verdict in their favor was contrary to law.

Submitted March 1,—Decided April 25, 1902.

Appeal.   Before Judge Felton.   Bibb superior court.   June 13, 1901.

*Hardeman, Davis, Turner & Jones,* for plaintiff.
*J. W. Preston Sr.,* for defendants.

LUMPKIN, P. J.   Mrs. W. H. Virgin brought in a justice's court against Mrs. H. E. Kibbee, Mrs. Helen Lane, Miss Josette Brown, and Miss Medora Brown an action upon an open account for the rent of a dwelling-house for the months of November and December, 1899, and January and February, 1900, at fifteen dollars per month.   The defendants filed a joint answer in which Mrs. Kibbee and Miss Josette Brown set up that they had never entered into any contract with the plaintiff for the rent of the house in question, and in which Mrs. Lane and Miss Medora Brown interposed the defense that the house was out of repair and in an untenantable condition, and that the landlord upon notice failed and refused to make the needed repairs.   The magistrate rendered a judgment in favor of the plaintiff against the two last-named defendants for the full amount sued for.   They entered an appeal, a trial of which was had in the superior court of Bibb county, resulting in a verdict for the defendants.   The plaintiff's motion for a new trial was overruled, and she excepted.   While the case was pending here, Mrs. Virgin died, and Parker, her executor, was made a party plaintiff in her stead.

The undisputed evidence at the trial in the superior court showed that the plaintiff, through her agent, W. H. Virgin, had rented the house in question to Mrs. Lane and Miss Medora Brown for a term of one year from October 1, 1899, at fifteen dollars per month ; that these defendants occupied the house during that month and the month of November; that they paid the rent for October, and abandoned the premises at the end of November, making no further payments upon the rent contract; and that the plaintiff did not obtain another tenant until the 1st of March, 1900.   The tes-

timony was decidedly conflicting as to the condition of the house at the time the defendants took possession, and as to the nature and extent of the repairs made by the landlord during their occupancy of the premises. With regard to these matters, suffice it to say that there was not a particle of evidence upon which the jury, even if they believed that the defendants, by reason of the alleged failure to make repairs, sustained actual damages, could arrive at the amount thereof. This being so, it follows as an inevitable conclusion that the verdict for the defendants was wholly unauthorized and can not lawfully stand.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent, and Little, J., disqualified.*